[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action arising out of a May 29, 1998 motor vehicle accident CT Page 6557 involving a Windham volunteer fire fighter responding to an emergency fire alarm. At approximately 7:30 p.m., on the 29th of May, the defendant, Matthew Bland, while responding to an emergency fire alarm, allegedly hit a vehicle driven by the plaintiff, Paulina Gutierrez. The passengers in Gutierrez' vehicle are also plaintiffs in this action. Additional defendants in the action are Ian Bland, Matthew's father and the owner of the vehicle that Matthew was driving at the time of the accident, and the town of Windham.
Pursuant to General Statutes §§ 7-308,[1] the defendants, Matthew and Ian Bland, filed a cross-claim for indemnification against the codefendant, town of Windham. On September 22, 2000, the Blands filed a motion for partial summary judgment on the cross-claim against the town.
The Blands move for summary judgment on the ground that the town is statutorily obligated to indemnify volunteer firefighters acting within their fire duties. The town objects to the motion for summary judgment, arguing that the vehicle Matthew Bland was driving at the time of the accident is owned and insured by Ian, and the town has no duty to indemnify Ian or his insurance company. The town also argues that it has no duty to indemnify a firefighter if the firefighter has personal auto insurance. Further, the town argues that, even if it does have a duty to indemnify here, such a duty should be equally shared between it and the auto insurance company. In reply to the town's argument, the Blands also argue that if the legislature wished to limit indemnification to those cases where the firefighter is uninsured, it certainly could have done so. Although the court, to some extent, agrees with the Blands, the motion for partial summary judgment is, nonetheless, denied on other grounds not raised by the parties.
The cross-claim against the town seeks indemnification for any and all liability that may befall the Blands because of this automobile accident. The plaintiffs' complaint, however, alleges, in counts two, six and ten, that Matthew Bland operated his vehicle "deliberately or in reckless disregard for the safety of the plaintiff[s] or others . . ."[2]
General Statutes § 7-308(b) specifically authorizes municipalities to indemnify a volunteer firefighter that is found liable in negligence for an accident that occurs in the discharge of his or her fire duties provided such accident "was not the result of any wilful or wanton act. . . ." (Emphasis added.)
"Wanton, reckless, wilful and intentional conduct demonstrate `a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or CT Page 6558 to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights and safetyof others or of the consequences of the action. . . . Wilful misconduct has been defined as intentional conduct. . . . While [the Supreme Court has] attempted to draw definitional boundaries between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing.'" (Emphasis added.) Bhinder v. Sun Co.,246 Conn. 223, 242 n. 14, 717 A.2d 202 (1998), quoting Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1988); see also Elliott v. City ofWaterbury, 245 Conn. 385, 415, 715 A.2d 27 (1998) ("in the context of common-law tort actions, these concepts [i.e., wanton, reckless, wilful, intentional, and malicious conduct] are indistinguishable"); Bauer v.Waste Management of Connecticut, Inc., 239 Conn. 515, 527, 686 A.2d 481
(1996) ("[a] wilful act is one done intentionally or with reckless disregard of the consequences of one's conduct").
In this case, Matthew Bland may be found liable on counts two, six and ten for operating his vehicle "deliberately or in reckless disregard for the safety of the plaintiff[s] or others. . . ." If this occurs, pursuant to the exemption in General Statutes § 7-308, the town would have no duty to indemnify him for such actions. Accordingly, at this stage of the case, the court cannot decide the issue of indemnification as a matter of law. Whether Matthew Bland is found liable in negligence or in recklessness is a question to be answered by the jury, and only then will the issue of indemnification be ripe for adjudication. If Matthew Bland is not found liable in the underlying lawsuit, the issue will never ripen. Well framed interrogatories to the jury may resolve with precision the issues raised by the pleadings.
Accordingly, the motion for partial summary judgment on the cross-claim must be denied.
Foley, J.